BarNey, Judge,
delivered the opinion of the court.
The claimant, then being a captain in the Navy, on the 16th of June, 1899, was detached from duty at the naval training station, Newport, R. I., and ordered to proceed via San Francisco by merchant steamer to Manila, P. I., and upon his arrival at Manila to report to the commander in chief of the Asiatic Station for the command of the U. S. S. Monadnoolc.
In obedience to the order the claimant sailed from San Francisco July 6,1899, on a merchant steamer as directed, reported August 15, 1899, to the commander in chief of the Asiatic Fleei at Cavite, P. I., and assumed command of said U. S. S. Monadnoolc on the same date.
The paymaster of that vessel paid him at the rate of $4,500 per annum from July 1, 1899, that being the sea pay of a captain of the Navy. The auditor subsequently disallowed the difference between the pay received and the same pay, less 15 per cent thereof, as for shore service, from July 1, 1899, until the claimant assumed command of the Monadnoolc, amounting to $82.50. The claimant now seeks to- recover said deduction upon the ground that during the voyage from San Francisco to his destined detailed service he was an officer “ detailed for shore duty beyond the seas ” within the meaning of section 13 of the Navy personnel act. 30 Stat. L., 1007.
The claimant concedes that travel on the ocean in a merchant vessel is not “ sea service,” and that he was only entitled to shore duty during the voyage in question, but he contends that such shore duty was shore duty “ beyond seas ” from the time the ship in which he sailed from San Fran *457 cisco passed the 3-mile limit on July 6 until he reported at Cavite August 16, 1899, within the meaning of said section 13 of the personnel act, which, as far as applicable to this case, is as follows:
“Provided, That such officers when on shore shall receive the allowances, but 15 per cent less pay than when on sea duty; but this provision shall not apply to warrant officers commissioned under section 12 of this act: Provided further, That when naval officers are detailed for shore duty beyond seas they shall receive the same pay and allowances as are or may be provided by or in pursuance of law for officers of the Army detailed for duty in similar places.”
It will be seen that the act just quoted provides that “ when naval officers are detailed for shore duty beyond seas they shall receive,” etc. The claimant in this case was never detailed for any such services, and hence can not bring himself within its provision. This view of the statute in question was recognized in United States v. Thomas, 195 U. S., 418, 421. It is urged by the claimant that the character of the service rendered by the claimant can not be changed by the terms of an order made by the Secretary of the Navy, the Symonds v. United States, 21 C. Cls., 148; 120 U. S., 46, is cited to sustain that contention. That was a case where the statute (sec. 1571) had declared what was the character of the service actually performed, and it was held that the Secretary cf the Navy could not change the force of that statute by an ‘ order which in effect contravened it.
In the case at bar the statute defines what shall be considered as “shore duty beyond the seas,” and provides that when detailed for such service it shall be so considered, and not when, incidental to some other appointed service, and traveling to assume it, the officer is necessarily upon the sea beyond the 3-mile limit. The authority cited by the claimant could have been well invoked by the defendants if the Secretary of the Navy had by the terms of the order for detail in this case said that while the claimant was traveling in a merchant vessel to assume his duties in command of the Monadnoch he should be considered as on “ shore duty beyond the seas.”
*458 Our construction of tbe statute in question is reinforced by tbe fact that Congress after tbe performance of the service in question saw fit to provide that foreign service for Army officers should be counted from the date of departure from the United States to the date of return, 31 Stat. L., 903. Prior to the enactment of that statute Army officers were not allowed the extra pay provided for foreign service, 6 Comp. Dec., 947 ; 7 Ib., 670. Of course, under the personnel act the same rule would apply to both Army and naval officers.
Section 1571, already referred to, is as follows:
“ No service shall be regarded as sea service except such as shall be performed at sea, under the orders of a department and in vessels employed by authority of law.”
It has been decided by the Supreme Court that under this statute the term “ vessels employed by authority of law ” is restricted to vessels owned or otherwise engaged in the Government service, and that travel by naval officers upon a merchant vessel under orders is not sea service within the meaning of the statute. Thomas v. United States, 195 U. S., 418.
It would seem that this statute was enacted to apply to just such a case as that of the claimant. It recognizes the fact that a naval officer like a landsman may be on shore duty and yet sailing the seas beyond the 3-mile limit. If we apply the test suggested by the claimant’s counsel and ask what was the character of the service being performed by the claimant while on the sea en route to Manila, what is the answer? He was detailed to sea duty which necessitated a journey by sea on a merchant vessel to reach the place appointed for such duty. While thus traveling it was not sea service, because the statute said otherwise; it was not shore duty “beyond seas,” (1) because he was not ordered to perform such duty, and (2) because he never actually performed any such duty regardless of his detail. The statute made it ordinary shore duty.
It follows from the foregoing that the petition should be dismissed, and it is so' ordered.